**4/10/97**

IN THE SUPREME COURT OF MISSISSIPPI

NO. 95-KA-00167-SCT

consolidated with

NO. 95-KA-00247-SCT

*ANTHONY BILLUPS*

*v.*

*STATE OF MISSISSIPPI*

<u>NOT DESIGNATED FOR PUBLICATION</u>

DATE OF JUDGMENT: 01/10/95

DATE RECORD FILED: 03/29/95

TRIAL JUDGE: Hon. John M. Montgomery

COURT FROM WHICH APPEALED: Lowndes County Circuit Court

ATTORNEY FOR APPELLANT: Bennie L. Jones Jr.

P.O. Box 357

West Point, MS 39773

ATTORNEY FOR APPELLEE: Michael C. Moore

Wayne Snuggs

W. Glenn Watts

Office of the Attorney General

P.O. Box 220

Jackson, MS 39205

DISTRICT ATTORNEY: Allgood, Forrest,

NATURE OF THE CASE: Request for Post Conviction Relief

TRIAL COURT DISPOSITION: POST-CONVICTION RELIEF DENIED

DISPOSITION: Affirm

MANDATE ISSUED: 6/26/97

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

Anthony Billups pled guilty to one charge of possession of cocaine with intent to distribute, and one charge of sale of cocaine, and received twelve years as a part of a plea bargain. Billups claims that he received ineffective assistance from his attorney in that the attorney did not adequately inform him of the repercussions of his plea bargain, thus, he did not make a knowing and intelligent waiver of his right to a trial. We find no merit to these issues and affirm the judgment of the trial court denying post conviction relief.

## FACTS

Anthony Billups pled guilty to charges of possession of cocaine with intent to distribute and to sale of cocaine. For these charges, he could have received up to sixty years in prison. Instead, he plea bargained and the trial judge sentenced him to serve twelve years on each charge, to run concurrently. Billups stated that he did not enter a voluntary plea and that his counsel, as well as the court, failed to inform him of the minimum and maximum penalties for the crimes with which he was charged.

Billups testified that he had only a ninth grade education and thus could not understand the meaning of the terms "minimum" and "maximum," though he has since acquired such an understanding. He stated that his attorney did read the plea petitions aloud to him, but that the attorney was reading too fast for him to comprehend what the attorney was saying. Billups also stated that he had only a quick chance to read through the papers himself. Billups and his attorney spent twenty-five to thirty minutes reviewing the papers which laid out the terms of the plea bargain. Billups said that it was his understanding that the most time that he could get on the charge of possession of cocaine with intent to distribute was three years because he thought that it was a simple possession charge.

When Billups appeared before the trial judge at the plea hearing, he stated that he was not fully cognizant of everything that the trial judge was saying, and that he answered "yes, sir" because that is what his attorney told him to say and because he had already signed the papers to enter the plea.

On cross examination, Billups admitted that the trial judge had asked him whether the attorney went over the petition to enter a guilty plea, and whether the petition which he reviewed and signed stated that the maximum penalty for the charges against him was thirty years apiece, whether he had sworn that everything in the petition was true and correct and whether he understood the contents of the petition. At that point, Billups stated that he did not remember any questions asked of him by either

the trial judge or the prosecuting attorney before whom he had entered the plea, and that he did not understand the questions that were being asked of him at the time that he entered the plea. Billups stated that, in reality, he did not want to take the plea bargain but instead that he had wanted to get a continuance in order to hire another attorney. However, neither Billups nor his attorney relayed this fact to the court. Billups claims that instead of requesting a continuance or letting the court know that he was dissatisfied with the services of his attorney, Billups simply pled guilty to the charges.

## DISCUSSION OF LAW

Billups cites two issues for this Court's consideration:

## I.

## WHETHER THE ASSISTANCE OF BILLUPS'S ATTORNEY WAS INEFFECTIVE.

In order for a defendant to prevail on a claim of ineffective assistance of counsel, he must establish that his attorney failed to exercise the skill and diligence that a reasonably competent attorney would exercise under similar circumstances and that he was prejudiced by his attorney's ineffectiveness. *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the United States Supreme Court wrote:

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

This Court has adopted that standard verbatim. *Billiot v. State*, 478 So. 2d 1043, 1046 (Miss. 1988). The United States Supreme Court also stated that:

. . .a guilty plea cannot be attacked based on inadequate legal advice unless counsel was not "a reasonably competent attorney" and the advice was not "within the range of competence demanded of attorneys in criminal cases." When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.

*Strickland v. Washington* at 687-88.

The evidence adduced at Billups's post conviction hearing made it clear that Billups's attorney spent approximately a half hour going over Billups's plea petition before Billups pled guilty. The evidence adduced also showed that Billups made no showing that he was dissatisfied with the services of his attorney at the time that he entered the plea. Thus, this Court finds that this issue is meritless.

## II.

**WHETHER BILLUPS PLEA BARGAIN WAS KNOWINGLY AND INTELLIGENTLY MADE.**

This Court has held that "before a person may plead guilty to a felony he must be informed of his rights, the nature and consequences of the act he contemplates, and any other relevant facts and circumstances, and thereafter, voluntarily enter the plea." *Vittitoe v. State,* 556 So. 2d 1062, 1063 (Miss. 1990). The standard of review that this Court takes on matters such as this is well settled. This Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous. *Schmitt v. State*, 560 So. 2d 148, 151 (Miss. 1990).

The transcript of the plea hearing is not included in the record for appellate review. However, Billups, admits that he answered "yes" to most of the questions asked of him by the trial judge, though he does not remember what those questions were. Billups also admitted that he answered "yes" to the questions because he thought it was right, relying on his lawyer to guide him.

Given that Billups signed a petition pleading guilty to the charges, then stood before and answered "yes, sir" to whatever the trial judge asked (obviously these were the rote questions that judges ask to ensure that pleas are knowingly and voluntarily made) and signed a petition containing a clause stating that the waiver was knowingly and intelligently made, this Court finds that the trial judge was not clearly erroneous in denying Billups's petition for post conviction relief.

## CONCLUSION

This Court finds that both of Billups' issues for consideration are without merit because he made a knowing and intelligent waiver of his right to a jury trial in entering a guilty plea. It is not readily apparent that his attorney inadequately explained the plea to him or that the trial court failed to check to ensure that the plea was knowingly and intelligently made. Therefore, the trial judge was not clearly erroneous in denying Billups' claim for post-conviction relief. As a result, the ruling of the trial court denying post-conviction relief is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**